Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARKRA MEAS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| MARKRA MEAS, | Case No. _____ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| LEGAL RECOVERY LAW OFFICES, INC., a California corporation, | 15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |
| Defendants. | |

Plaintiff, MARKRA MEAS (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants engaged in unlawful acts, and abusive and intrusive practices in connection with an attempt to collect a consumer debt.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

      b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

      c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

      d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

      e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

      3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

///

---
[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, MARKRA MEAS (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LRLO"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. LRLO may be

served as follows: Legal Recovery Law Offices, Inc., c/o Richard Setter, Agent for Service of Process, 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal business of LRLO is the collection of debts using the mails and telephone, and LRLO regularly attempts to collect debts alleged to be due another. LRLO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12. On or about July 18, 2011, Defendant's employee placed a telephone call to Plaintiff's co-worker at her place of employment, Michael Cussary. The caller introduced himself as "Eddy Bell" and stated that he was working at Legal Recovery Law Office and was trying to reach Plaintiff. Thereafter, the caller requested that Mr. Cussary ask Plaintiff to contact him at telephone number (619) 906-5968 or (800) 785-4001, extension 240.

13. Defendant's telephone call to Mr. Cussary's telephone was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. At no time has Plaintiff given Defendant consent to contact any third-party in connection with the alleged debt.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant has a pattern and practice of abusive and unlawful collection practices as described above.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

17. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

18. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

19. Defendant, LRLO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

20. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

21. Defendant has violated the FDCPA by communicating with third-parties, in violation of 15 U.S.C. §§ 1692b and 1692c(b).

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

25. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

26. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

27. Defendant, LRLO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

28. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

29. Defendant has violated the RFDCPA by communicating with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17.[2]

30. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

31. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

32. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[3]

33. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[4]

34. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

///

---

[2] 15 U.S.C. §§ 1692b and 1692c(b).
[3] 15 U.S.C. § 1692k(a)(2)(A).
[4] 15 U.S.C. § 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b and 1692c(b);

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[5]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    MARKRA MEAS

---

[5] 15 U.S.C. § 1692k(a)(2)(A).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARKRA MEAS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.